# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| CONSTANCE M. GRIFFITH, JENNIFER S. BROWN, and TERESA M. CUMMINGS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07-1130 ) |
| JOHN T. PEPMEYER, personally; JOHN T. PEPMEYER, not personally, but in his official capacity as State's Attorney of Knox County, Illinois; KNOX COUNTY, Illinois, a municipal corporation, and STATE OF ILLINOIS, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:

**REPORT AND RECOMMENDATION**

Plaintiffs pursue Title VII and civil rights claims against Defendants based on alleged sexual harassment and a hostile work environment. Before the Court are motions to dismiss by Defendants (d/e's 13, 16, 19), dealing primarily with whether Plaintiffs have named the proper parties in their proper capacities. For the reasons below, the Court recommends the motions be granted in part and denied in part.

Plaintiffs concede they state no claim under 42 U.S.C. § 1981, which applies to discrimination based on race. Plaintiffs ask to file an amended complaint pursuing a claim under 42 U.S.C. § 1983. (d/e 21, proposed amended complaint attached as Ex. A). The proposed amended complaint is based on the same alleged misconduct. The court accordingly recommends that the amended complaint be allowed. Fed. R. Civ. P. 15(a)("leave [to amend] shall be freely given when justice so requires"). The issues raised in the present motions to dismiss apply equally to the original complaint and the amended complaint. This recommendation therefore applies with equal force to either Complaint.[1]

## Analysis

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., — F.3d —, 2007 WL *2 2215764 (7th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964

---

[1] The Court recognizes that Case #07-CV-1198 has been consolidated with the instant case, and that motions to dismiss are pending briefing in 07-CV-1198.

(2007)(other citation omitted).   However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level . . . .'" Id., *quoting* Bell Atlantic, 127 S.Ct. at 1965, 1973 n. 14.  The only question presently is who the proper defendants are, not whether Plaintiffs state a claim for a violation of their federal rights.

I.  Title VII

**A.  The Court recommends that both Knox County and Defendant Pepmeyer, in his official capacity as State's Attorney, remain as defendants in the Title VII claim, until the record is indisputably clear on the identity of Plaintiffs' employer(s) under Title VII.**

Only "employers" are liable under Title VII.  42 U.S.C. § 2000e-2(a)(1); 2000e(b).  Defendants State of Illinois, Knox County and Pepmeyer in his individual capacity argue that they were not Plaintiffs' "employer" within Title VII's definition.  Plaintiffs counter that Knox County and the State of Illinois were "joint employers."

Important factors in identifying a Title VII "employer" include ferreting out who had supervisory control, control over working conditions, and control over hiring and firing.  *See* Lowe v. Wolin-Levin, 2004 WL 1534115 *2  (N.D. Ill. Judge Zagel)(not reported in F.Supp.2d), *citing* Teamsters Local Unions Nos. 75 & 200 v. Barry Trucking, Inc., 176 F.3d 1004, 1008

(7th Cir.1999)(defining employer in relation to Teamster's suit and NLRB)(other citation omitted).  Control is the key.  See id., *discussing* EEOC v. Ill., 69 F.3d 167, 171 (7th Cir.1995).

It seems clear at least that Defendant Pepmeyer, in his *official* capacity, is a proper defendant in Plaintiffs' Title VII claim. *See, e.g.,* Robinson, 351 F.3d 332, n. 9; Curtin v. Devine, 2007 WL 723571 (N.D. Ill 2007)(example of former employee suing State's Attorney in official capacity)(ADEA);  Webb v. O'Malley, 1996 WL 526780 (N.D. Ill. 1996)(example of clerk in Cook County state's attorney's office suing state's attorney in official capacity under Title VII).  Pepmeyer does not argue otherwise.  He argues only that he cannot be sued in his *individual* capacity until Title VII, which is correct, but that does not bar an official capacity suit.  *See* Williams v. Banning, 72 F.3d 552, 553 (7th Cir.1995)(supervisor in individual capacity is not Title VII employer); Robinson, 351 F.3d at 332 n. 9.

It is also clear that Pepmeyer is a state official, not a county official. Ingemunson v. Hedges, 133 Ill.2d 364, 369-70, 549 N.E.2d 1269, 1270-71 (1990)(discussing Hoyne v. Danisch, 264 Ill. 467 (1914) holding that state's

attorneys are state, not county, officials);[2] Hernandez v. Joliet Police Dep't, 197 F.3d 256, 265 (7th Cir. 1999)(suit against Illinois county state's attorney office is suit against the state); Garcia v. City of Chicago, 24 F.3d 966, 969 (7th Cir. 1994)("the Illinois Supreme Court decided in 1990 that state's attorneys are state officials")(11th Amendment)(*citing* Ingemunson).  That part of the State's Attorney's salary is paid by the county does not change that result.  See McGrath v. Gillis, 44 F.3d 567, 571-71 (7th Cir. 1995)("fact that plaintiff [assistant state attorney] was paid out of county funds does not compel the conclusion that he was a county employee")(procedural due process claim in employment termination).[3]

But Pepmeyer's status as a state official does not necessarily mean the State was Plaintiffs' *sole* employer.  Employees working for a state official might still be considered jointly employed by a county for Title VII purposes.  See Robinson v. Sappington, 351 F.3d 317, 338 and n.9 (7th

---

[2]Ingemunson held that state's attorneys were not officers of the executive branch and thus not prohibited by the executive article of the State Constitution from receiving salary increases during their term of office.

[3]The County cites a District Court case, Warren v. Stone, 751 F.Supp. 1302 (N.D. 1990), which held that a clerical worker in the Public Defender's Office was a state, not county employee, a decision upheld by the Seventh Circuit, 958 F.2d 1419 (1992). However, nearly seven years ago the Illinois Supreme Court held the opposite:  public defenders are *county* employees under Illinois law.  Johnson v. Halloran, 194 Ill.2d 493, 498 (2000)("Public defenders and their assistants are therefore county employees, not employees of the state of Illinois).

Cir. 2003). In Robinson, a judicial clerk for a county judge sued under Title VII for sexual harassment and a hostile work environment. She named the judge in his individual and official capacities, as well as the Macon County Circuit Court, the County of Macon, and another judge in his official capacity. In remanding the case, the Seventh Circuit remarked that it agreed that the joint-employer question was "fact-bound . . . ." Id. On remand, the District Court (Judge Mihm) denied Macon County's summary judgment motion on the joint employer issue. Robinson, 04-1360 (C.D. Ill., Judge Mihm)(February 25, 2005 order, d/e 315). The case went to trial and Macon County was ultimately granted judgment as a matter of law after Plaintiff rested. Id., 8/22/05 text order.

    Knox County may ultimately succeed, as Macon County did in Robinson. There is legal support for the conclusion that Knox County was not a joint employer. *See, e.g.,* McGrath v. Gillis, 44 F.3d 567, 571-72 (7th Cir. 1995)("Employees of the state government are not transformed into county employees simply because the county government participates in budgeting and paying of their salaries."); People v. Courtney, 288 Ill.App.3d 1025 (3d Dist.,1997) ("It is well-settled law that the State's Attorney controls the internal operations of his or her office."), *citing* 55

ILCS 5/3-9006 (West 1994); People ex rel. Barrett v. Board of Com'rs of Cook County, 11 Ill.App. 3d 666, 669, 297 N.E.2d 307, 310 (1st Dist. 1974)("When an acting state's attorney is appointed to fill a vacancy, he takes over the entire resources of the office, including staff, clerical personnel, and offices."); 1984 Ill.Atty.Gen. Op. 9, 1984 WL 60037 (county limited to designating lump sum dollar amount for necessary equipment materials and services required by State's Attorney; county could not impose line-item budget restraints).

However, the Court believes the determination is premature on this record. None of the parties have cited, nor has the Court found in its own research, a controlling case directly on point. None of the parties have devoted any serious effort to detailing the "fact-bound" considerations required to answer the joint employer question. Robinson, 351 F.3d at 338. As Robinson's complete procedural history demonstrates, the determination may be complicated.

Accordingly, the Court recommends that, at this time, the Title VII claims proceed against Knox County as well as against Defendant Pepmeyer in his official capacity. The Court also recommends that the State of Illinois be dismissed as redundant to the claim against Pepmeyer

officially.  Defendant Pepmeyer, in his official capacity, *is* the State.  *See* Robinson, 351 F.3d at 340 (suit against judges in official capacity was suit to impose liability against the State of Illinois).

**II.    Aside from the joint employer issue, the Court recommends that Knox County remain in the case as a necessary party until Knox County shows it is not responsible for paying part or all of a judgment against Defendants.**

Plaintiffs contend that Knox County is a necessary party, citing Carver v. Sheriff of LaSalle County, Illinois, 324 F.3d 947, 948 (7th Cir. 2003), and Robinson v. Sappington, 351 F.3d 317, 338 (7th Cir. 2003).

In Carver, former employees sued a county sheriff in federal court for discrimination under Title VII and 42 U.S.C. § 1983.  The sheriff settled the case, and the plaintiffs then sued the county to collect the judgment.  In response to the Seventh Circuit's certified question, the Illinois Supreme Court answered that a sheriff's office was a "local public entity" and therefore had the authority to settle the claim against it.  Carver v. Sheriff of LaSalle County, 203 Ill.2d 497, 515-516 (2003).  The Illinois Supreme Court further held that the County was obligated to provide the money to pay such settlements. Id. at 516.  The Seventh Circuit then held: "[A] county in Illinois is a necessary party in any suit seeking damages from an

independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." Carver, 324 F.3d at 948 (7th Cir. 2003).

Carver is not directly on point because, unlike the Sheriff in Carver, Pepmeyer is not a county officer, nor does it appear that the State's Attorney's Office a "local public entity." 745 ILCS 10/1-206 ("local public entity" does not include State or officer of the State). Additionally, Plaintiffs point to no statute that requires the county to indemnify the State's Attorney, as existed in Carver. See 55 ILCS 5/5-1002 (county shall indemnify sheriff); 55 ILCS 5/5-1003 (county shall indemnify public defender).

However, the parties do not address who is responsible for paying a judgment against Pepmeyer officially. Knox County does not challenge Plaintiffs' contention that Knox County is a necessary party for this reason. Therefore, the Court believes Knox County should remain in the case as a necessary party until Knox County shows otherwise, regardless of the resolution of the Title VII joint employer question.

**V. Defendant Pepmeyer in his official capacity (and the State of Illinois) should be dismissed from the § 1983 claim, as the injunctive relief sought is moot and sovereign immunity bars monetary relief.**

> Plaintiffs seek equitable relief,
>
>> including an injunction prohibiting the State's Attorney from taking adverse action against . . . [them], further harassing or discriminating . . ., discharging or demoting . . , or taking any other adverse action, directly or indirectly, in connection with . . . employment.[4]  (Proposed Amended Complaint, pp. 8, 10, 12).

As to the Section 1983 claim, the Eleventh Amendment bars Plaintiffs from obtaining money damages against the State of Illinois or Pepmeyer in his official capacity.  Hadi v. Horn, 830 F.2d 779, 783 (7th Cir. 1987).  The Eleventh Amendment does not, however, bar injunctive relief "requiring a state official to conform his or her behavior to the requirements of federal law in the future."  Hadi, 830 F.3d at 783, citing Ex parte Young, 209 U.S. 123 (1908).

However, Plaintiffs concede that they no longer work for the State's Attorney.  (d/e 21, p. 10)("Defendants may argue that as plaintiff no longer work for the State's Attorney, many of their claims are moot").  "'[T]he basic requisites of the issuance of equitable relief . . . [includes] the likelihood of substantial and immediate irreparable injury, . . . .'" City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983)(quoted cite omitted)(possibility that police would illegally choke plaintiff again insufficient to show immediate danger);

---

[4] Plaintiffs do not ask for reinstatement.

Sierakowski v. Ryan, 223 F.3d 440, 443-45 (7th Cir. 2000)(declaratory and injunctive relief not available for past constitutional violations); Garcia, 24 F.3d at 969 (no injunctive relief available against state's attorney where plaintiff had been released and had not alleged future danger of being arrested and detained). No plausible inference arises that Plaintiffs are likely to be victims of Pepmeyer's alleged misconduct in the future. Thus, their request for injunctive relief is moot.

Plaintiffs argue that [t]his is a classic case of an issue which is "'capable of repetition, yet evading review.'" (d/e 21, p. 10); see Roe v. Wade, 410 U.S. 113, 124-25 (1973). That exception, however, requires "that the claim be repeatable by the same plaintiff." Brandt v. Board of Educ. of City of Chicago, 480 F.3d 460, 464 (7th Cir. 2007)("a condition rarely satisfied other than in abortion and election cases"). The Court accordingly recommends dismissal of Plaintiff's requests for equitable relief.

WHEREFORE, the Court RECOMMENDS that Plaintiff's be given leave to file their proposed amended complaint attached as Ex. A to d/e 21.

The Court FURTHER RECOMMENDS that Defendants' Motions to Dismiss be granted in part and denied in part as to the amended complaint (d/e's 13, 16, 19).  The Court recommends that the State of Illinois be dismissed as a defendant, because naming the State is redundant of the official capacity suit against Defendant Pepmeyer.  The Court further recommends dismissal of Pepmeyer in his official capacity only on the §1983 claims and dismissal of Pepmeyer in his individual capacity only on the Title VII claims.  The Court also recommends that Plaintiffs' requests for equitable relief be dismissed.  The Court lastly recommends the motions to dismiss be otherwise denied.

If this Recommendation is accepted, Defendant Pepmeyer will remain in his individual capacity on the 42 U.S.C. § 1983 claims and in his official capacity on the Title VII claims.  Knox County will remain as a defendant on the Title VII claim and as a necessary party.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

  ENTER:  October 2, 2007

           s/ Byron G. Cudmore
          _____
           BYRON G. CUDMORE
         UNITED STATES MAGISTRATE JUDGE