E-FILED
Wednesday, 14 November, 2007  11:42:34 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CONSTANCE M. GRIFFITH, JENNIFER S. BROWN, and TERESA M. CUMMINGS, ) ) ) Plaintiffs, ) ) v. ) ) JOHN T. PEPMEYER, personally, JOHN ) T. PEPMEYER, not personally, but in his ) official capacity as State's Attorney of Knox ) County, Illinois; KNOX COUNTY, Illinois, a ) municipal corporation, and STATE OF ) ILLINOIS, ) ) Defendants. ) | Case No. 07-1130 |

## O R D E R

On October 2, 2007, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiffs have brought this litigation alleging that they were discriminated against on the basis of their gender in

violation of Title VII and 42 U.S.C. § 1983.[1]  The Court concurs with the recommendation that Defendant Pepmeyer in his official capacity is a proper defendant for Plaintiffs' Title VII claims, and that at this stage of the proceedings, Plaintiffs must also be allowed to pursue the question of joint employment by Knox County.  It is also apparent that the claim against the State of Illinois is duplicative of the claim against Defendant Pepmeyer in his official capacity, as it is well-established that in Illinois, a suit against a county state's attorney is a suit against the state.  Hernandez v. Joliet Police Dept., 197 F.3d 256, 265 (7th Cir. 1999). With respect to Plaintiffs' §1983 claim, the Magistrate Judge has recommended that Defendant Pepmeyer should be dismissed in his official capacity, as the injunctive relief sought is moot and any claim for monetary relief is barred by sovereign immunity.  The Court agrees.

     Accordingly, the Court now adopts the Report & Recommendation [#24] of the Magistrate Judge in its entirety.  Defendants' Motions to Dismiss [#13, #16. And #19] are GRANTED IN PART and DENIED IN PART.  Plaintiffs are given leave to file their proposed Amended Complaint [#21 Exhibit A], and the rulings contained in this Order shall apply to the Amended Complaint.  The State of Illinois is dismissed as a party defendant.  The Title VII claims shall proceed against Defendant Pepmeyer in his official capacity and Knox County.  The § 1983 claims shall proceed against Defendant Pepmeyer in his individual

---

[1] The Court concurs with the recommendation that Plaintiffs' request to file an amended complaint be allowed and that the Report and Recommendation apply to both the Complaint and the Amended Complaint, as the issues remain the same and little purpose would be served by re-briefing the same issues.

capacity.  Plaintiffs' request for equitable relief is denied.  This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 14th day of November, 2007.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
